1
2
3
4
5
6
7
8                     **UNITED STATES DISTRICT COURT**
9                     **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  OLD GROVE SERVICE, INC.,                    CASE NO. 07cv1772 JM(BLM)
12                              Plaintiff,      ORDER DENYING MOTION TO
                vs.                             DISMISS
13  MCDONALD'S CORPORATION,
14                              Defendant.
15
16        Defendant McDonald's Corporation ("McDonald's") moves to dismiss the

17  complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

18  Procedure.  Plaintiff Old Grove Service, Inc. ("Old Grove") opposes the motion.

19  Pursuant to L.R. 7.1(d)(1), this matter is appropriate for decision without oral argument.

20  For the reasons set forth below, the motion to dismiss is denied.

21                              **BACKGROUND**

22        On September 10, 2007 Defendant removed this action from state court based

23  upon diversity jurisdiction.  Old Grove alleges that on or about October 22, 2002 it

24  entered into a Ground Lease and Operating Agreement ("Agreement") with

25  McDonald's for the purpose of jointly developing property whereby McDonald's would

26  develop a McDonald's restaurant and Old Grove would develop and operate a gas

27  station.  (Compl. Exh. A).  By written letter dated April 8, 2004, Old Grove sought

28  McDonald's consent "for the encumbrance necessary to finance the construction" of the

1    service station.  (Compl. ¶13, Exh. B).  On May 14, 2004 McDonald's denied the

2    request.  Plaintiff alleges that McDonald's failed to timely respond to its letter as

3    required by Section 15(1) of the Sublease and that McDonald's unreasonably withheld

4    its consent to encumber the property.  (Compl. ¶143).

5         After McDonald's initial written denial of the request, Plaintiff contacted the

6    regional director at McDonald's, Mr. Greg Semos, who "promised to talk to Plaintiff's

7    lender, Wells Fargo, to discuss the financing and work out any issues that might arise."

8    (Compl. ¶14).  On September 29, 2005, Plaintiff's counsel wrote Mr. Semos, (Compl.,

9    Exh. D), but did not receive a response to the letter.  Even though the Agreement

10   provided that McDonald's failure to timely respond to a request to encumber would be

11   considered the equivalent of McDonald's consent, "the practical working of the lending

12   industry still required Defendants' actual approval for plaintiff to obtain such financing.

13   (Compl. ¶16).  On March 7, 2006 Plaintiff's counsel again sought McDonald's consent

14   to encumber the property.  (Compl., Exh. E).

15        On June 21, 2006 Plaintiff spoke with a member of McDonald's legal

16   department, Ms. Consuelo Boyd, who asked for financial documentation concerning the

17   financing of the gas station.  Shortly thereafter Plaintiff provided the requested financial

18   information and, on July 7, 2006 Ms. Boyd replied that "she understood the urgency of

19   the matter and would respond as soon as possible."  (Compl. ¶17).  Having not heard

20   from Defendant, on September 26, 2006 Plaintiff again wrote to Ms. Boyd.  On October

21   20, 2006, Plaintiff's counsel spoke with Ms. Boyd who informed Plaintiff that the

22   matter was "out of her hands and that Plaintiff's counsel should contact Mr. Semos."

23   (Compl. ¶19).  Even though Ms. Boyd informed Plaintiff that "she did not believe that

24   Plaintiff needed defendant's consent, [] that ignored the reality that  the lender required

25   Defendant's consent."  Id.  When Plaintiff's counsel contacted Mr. Semos, he was

26   informed that Ms. Boyd "had to give consent to the financing."  (Compl. ¶20).  On May

27   29, 2007 Plaintiff sent McDonald's a demand letter.  In the June 4, 2007 response letter,

28   Ms. Boyd "stated that Plaintiff's request was denied unless and until the region had

1  completed its review of the financial documents and notified her of the region's
2  approval." (Compl. ¶23).

3      On August 10, 2007 Plaintiff commenced this action in the San Diego Superior
4  Court alleging that McDonald's breached the contract when it failed to provide its
5  consent in such a manner that Plaintiff could timely obtain financing for its portion of
6  the project.  Plaintiff also seeks a judicial declaration of the parties' rights and duties
7  under the Agreement.  McDonald's seeks to dismiss the complaint for failure to state
8  a claim.  Plaintiff opposes the motion.

9                          **DISCUSSION**
10  **Legal Standards**

11      Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in
12  "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.
13  1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a
14  "cognizable legal theory" or sufficient facts to support a cognizable legal theory.
15  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should
16  dismiss a complaint for failure to state a claim when the factual allegations are
17  insufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp
18  v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007).  The defect must appear on the face
19  of the complaint itself.  Thus, courts may not consider extraneous material in testing its
20  legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).
21  The courts may, however, consider material properly submitted as part of the complaint.
22  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir.
23  1989).

24      Finally, courts must construe the complaint in the light most favorable to the
25  plaintiff.  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116
26  S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in
27  the complaint, as well as reasonable inferences to be drawn from them. Holden v.
28  Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of

1   law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  In

2   Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

3   **The Motion**

4   McDonald's contends that it was under no contractual duty to approve the

5   financing as requested by Old Grove and therefore the complaint fails to state a claim

6   for relief.   The court denies the motion to dismiss as the reasonableness or

7   unreasonableness of the parties' conduct at issue raises contested issues not properly

8   resolved on a Rule 12(b)(6) motion to dismiss.

9   In order to state a breach of contract claim, Old Grove must show (1) the

10  existence of a contract, (2) its performance under the contract, (3) McDonald's material

11  breach of the contract, and (4) damages arising from the breach.  See McKell v.

12  Washington Mutual, 142 Cal.App.4th 1457, 1489 (2006); Smith v. Royal Mfg. Co., 185

13  Cal.App.2d 315, 328 (1960).  Here, Plaintiff alleges that McDonald's was under a duty

14  to not unreasonably withhold its consent to encumber the property and that it breached

15  that duty.  (Compl. ¶¶11, 12; Exh. A ¶¶4, 14(I)).

16  In the Agreement, Old Grove agreed to the following, in pertinent part:

17  Tenant covenants and agrees:

18  *   *   *

19  C. LIENS AND ENCUMBRANCES:  Not to cause the estate of Landlord
    in the Property, Tenant's leasehold interest, or the Common building at
20  any time during the term of this Lease to become subject to any lien,
    charge or encumbrance whatsoever, without Landlord's prior written
21  consent. . . . It is expressly agreed that Tenant shall have no authority,
    expressed or implied, to create any lien, charge or encumbrance upon the
22  estate of Landlord in the Property.

23  (Compl. Exh. A, ¶4).  The Agreement further provides that "[e]xcept where noted

24  otherwise, where Landlord's or Tenant's approval or consent is required, such consent

25  shall not be unreasonably withheld or delayed" and that '[i]f Landlord or Tenant fails

26  to respond to a request for consent within 30 days after written demand and such

27  consent request notes the automatic approval provision of this Lease, such request shall

28  be deemed granted." Id., ¶15(I).  Even though the Agreement provided for McDonald's

deemed consent under ¶15(I), Old Grove alleges that "the practical workings of the lending industry still required defendants' actual approval for Plaintiff to obtain such financing." (Compl. ¶16). In light of the notice pleading requirements of the Federal rules, the court concludes that Plaintiff adequately alleges that McDonald's was under the duty to not unreasonably withhold its consent to permit Old Grove to encumber a portion of the property.

With respect to the element of breach, Plaintiff alleges that it has attempted, over a three year period of time, to obtain McDonald's consent and that McDonald's unreasonably withheld its consent. (Compl. ¶¶29-31). Ordinarily, stand-alone allegations such as these adequately establishes breach of contract at the pleading stage. Here, however, Plaintiff has attached several letters to the complaint concerning the consent issue. (Compl. Exhs. B-J). The thrust of McDonald's argument is that it had no contractual duty to give its consent to the encumbrance based upon the materials supplied by Old Grove. For example, the paper trail in this case begins with Plaintiff's letter of April 2004, (Compl. Exh. B), wherein it requested McDonald's consent to encumber the property. In conclusory fashion McDonald's states that the letter was not accompanied by "the underlying loan documents.[1]" (Motion at p.5:22-23). In May 2004 McDonald's denied the request noting that it would reconsider the denial should Old Grove "submit audited financial statements and such other financial information as may be requested by the Regional Controller." (Compl. Exh. C). Eighteen months later, on September 29, 2005, Plaintiff again wrote McDonald's. (Compl. Exh. D). That letter indicated that Old Grove and its mortgage lender, Wells Fargo Bank, had unsuccessfully attempted on over 20 occasions to reach counsel at McDonald's to discuss financing for the project, secured by Old Grove's assets at the premises. Id. Additional letters attached to the complaint indicate that McDonald's did consider the financial information provided by Old Grove. (Compl. Exhs. G, H).

---

[1] One difficulty with this argument is that McDonald's fails to establish, as a matter of law, that such loan documents are a prerequisite to obtaining McDonald's consent.

1
2
3
4
5
6
7

The court concludes that Old Grove states a claim for breach of contract and that the letters attached to the complaint fail to establish as a matter of law that (1) the information provided by Old Grove was insufficient for McDonald's to make a reasonably informed decision on the issue of consent and (2) McDonald's reasonably withheld its consent.  The court notes that the context necessary to adjudicate these issues is better left to an evidentiary motion or the time of trial.  Accordingly, the motion to dismiss the breach of contract claim is denied.[2]

8

In sum, the motion to dismiss is denied in its entirety.

9

**IT IS SO ORDERED.**

10

DATED:  December 3, 2007

11
12

_____
Hon. Jeffrey T. Miller
United States District Judge

13

14

cc:          All parties
             Magistrate Judge Major

15
16
17
18
19
20
21
22
23
24
25
26

27
28

---

[2] While McDonald's argument that the declaratory relief claim is duplicative of the breach of contract claim appears to have some merit, at this early pleading stage in the litigation process, the court declines to dismiss this claim.  Under California law, a declaratory relief claim is generally appropriate to determine the legal rights and duties of parties to a contract.  See Ludgate Ins. Co. v. Lockheed martin Corp., 82 Cal.App. 4th 592 (2000).